UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

COLLETTE GORDON, as next friend of
K.G., a minor,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

CASE NO. 15-CV-20558-
Graham/Simonton

# DEFENDANT CARNIVAL CORPORATION'S REPLY IN OPPOSITION TO PLAINTIFF'S MEMORANDUM OF LAW OPPOSING DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONY OF RANDALL JAQUES

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), by and through its undersigned counsel, hereby files this Reply in Opposition to Plaintiff's Memorandum of Law Opposing Defendant's Motion to Exclude the Testimony of Randall Jaques, and states as follows:

## ARGUMENT

Carnival has moved to exclude the opinions of Mr. Jaques -- that Carnival violated internal policies in failing to evacuate K.G. earlier in the day; that Carnival had a general policy of being deliberately indifferent to the medical needs of its passengers and debarked them to medical facilities in third world countries; and that Mexico is "notorious" for not complying with health standards -- on the ground that Mr. Jaques is not qualified to render such opinions; his testimony has no foundation; his opinions are unreliable and lack a valid methodology; his opinions would not assist the trier of fact; and some of his opinions constitute inadmissible legal

conclusions.[*See* DE 51]. The specific grounds for exclusion of each of Mr. Jaques' opinions are detailed in Carnival's motion ("Motion"). [*Id*.].

Significantly, Plaintiff has not advanced a substantive response to Carnival's *Daubert motion*. [*See* DE 63 at 5-6, 17-18]. Rather, Plaintiff's two-page opposition consists primarily of argument that Carnival seeks to exclude "extraneous" opinions of Mr. Jaques that she does not intend to offer at trial. Plaintiff further states that at Mr. Jaques' deposition, Carnival elicited opinions far beyond those stated in his Rule 25 report, that such opinions are highlighted in Carnival's *Daubert* motion, and that Mr. Jaques was retained to "testify about Carnival's compliance with its own guidelines." [*Id*. at 5-6, 19]. Plaintiff, however, has not informed the Court or Carnival precisely which opinions of Mr. Jaques it will seek to offer at trial, stating only that it will not elicit "at trial any testimony by Mr. Jaques beyond testimony about Carnival's compliance with its own safety guidelines." [DE 63 at 6]. [1]

Morever, Plaintiff's contention that Carnival seeks to exclude *extraneous* opinions of Mr. Jaques is flatly wrong. As indicated in its Motion, Carnival seeks to exclude the opinions in Mr. Jaques **that Mr. Jaques outlined in his Rule 26 report** and to which he testified at his deposition. A careful reading of the Motion indicates that Carnival seeks to exclude the opinions summarized at pp. 9-10 of Mr. Jaques' report [DE 51-1 at 10-11], which opinions presumably are *not extraneous* because they were *included in Mr. Jaques' Rule 26 report*. Before asking Mr. Jaques about the opinions he intends to render in this case, the following exchange took place:

> Q. So let's talk about your opinions. We're relying now specifically on the opinions section of your report.

---

[1] Rather than creating confusion, it would have been a simple matter for Plaintiff to have cited the specific opinions or conclusions that it now claims are *extraneous*. To the extent that Mr. Jaques' report contains opinions that he does not plan to express or which are extraneous, it would seem to run afoul of Fed. R. Civ. P. 26.

A. Yes. [DE 51-2 at 17].

The next sixty (60) or so pages of the deposition were devoted to testimony pertaining to Mr. Jaques' opinions *in this case* and the basis, if any, for those opinions, including the specific Carnival guidelines on which Mr. Jaques is assertedly relying.

As demonstrated below, the opinions of Mr. Jaques that Carnival seeks to exclude as unreliable under *Daubert* are unquestionably the opinions that Mr. Jaquest set forth in his report. Plaintiff has failed to advance *any arguments* that demonstrate that Mr. Jaques' opinions satisfy *Daubert*. Given Plaintiff's obfuscation of Mr. Jaques' opinions, it is necessary to set the record straight:

1. Mr. Jaques' first opinion *in his report* is that Carnival violated its own "SEMS" [guidelines] by failing to communicate the medical emergency and that "the ship's Doctor and the Master failed in the worst way possible and ignored the red flags…". [DE 51 – 1 at 10]. Mr. Jaques did not specify in his report which specific Carnival guidelines or policies were violated. At his deposition Mr. Jaques was questioned about the foregoing opinion *in his report*, including *which* specific Carnival guidelines were allegedly violated, and how the specific guidelines were violated, and the basis for his opinion that each of the specific guidelines was violated. [DE 51-2 at 18-19]. Mr. Jaques testified that *his key opinions* are that: 1) Carnival guideline 6.1.1 was violated because Dr. Uppin should have called for a medical evacuation in the morning; 2) Carnival guideline 6.1.5 was violated because Dr. Bradberry was not contacted about the emergency; and 3) Carnival guideline 6.3.3 was violated because efforts to secure a timely evacuation were not recorded in the medical notes. [DE 51-2 at 18-20].

Carnival moved to strike Mr. Jaques' opinions that 6.1.1 was violated on the ground that Mr. Jaques is not qualified to render a *medical* opinion regarding *when* the *medical* evacuation

should have been requested; there was no basis for his opinion that 6.1.1 was violated; his opinion was not based upon any articulated methodology; and the proffered testimony would not help the trier of fact because jurors were capable of determining whether the guideline had been violated. [DE 51 at 12-14].

The foregoing opinions of Mr. Jaques with respect to 6.1.1 are certainly not *extraneous*. To the contrary, whether medical evacuation policies were violated is at the core of Mr. Jaques' proposed testimony. However, these opinions are unreliable and therefore inadmissible. Plaintiff has *failed to demonstrate* that Mr. Jaques is qualified to render a medical opinion regarding the timing of the medical evacuation; has failed to demonstrate that Mr. Jaques' opinions are based on an accepted methodology rather than *ipse dixit*; and has failed to demonstrate why an average juror could not decide whether the ship's physician determined that an air/sea evacuation was warranted. Although Plaintiff notes that Mr. Jaques worked as a Carnival security officer, this general observation is insufficient to overcome the specific *Daubert* challenges. Having failed to refute Carnival's argument Mr. Jaques' opinions are unreliable, his opinions pertaining to 6.1.1 (and the first opinion in his report) should be excluded. Similarly, Mr. Jaques' opinion with respect to 6.1.5 should be excluded. It has no factual basis and is not based on any reliable methodology. [*See* DE 51 at 14-15]. Plaintiff has not shown otherwise. Finally, with respect to 6.3.3, Plaintiff has advanced no argument on why expert testimony is needed to determine whether notes were made in the medical records, or how such information is even relevant to any issue in the case.

In sum, Plaintiff's contention that Carnival is simply "quibbling" with the contents of Mr. Jaques' opinions is patently flawed. Mr. Jaques' opinions with respect to alleged violation of

Carnival guidelines (as set forth in his first opinion and related deposition testimony) are unreliable and, therefore, should be excluded.

2. Mr. Jaques' second opinion *in his report* is that Carnival has a "general policy of being deliberately indifferent to the level of safety and providing the best of medical care to its passengers. . . . By not following their own SEMS Chapter 6, Carnival was negligent . . .". [DE 51-1 at 10]. The fourth opinion *in Mr. Jaques' report* is that Carnival improperly debarks passengers for medical care at third world ports of call. [*Id*. at 11].[2] The foregoing opinions are certainly not *extraneous* insofar as they are set forth in Mr. Jaques' Rule 26 report and relate toCarnival "policy." However, they are inadmissible because, as shown in Carnival's Motion, Mr. Jaques is not qualified to render them; they are not based on any valid methodology; and this is not a matter for expert testimony. By failing to offer any rebuttal, Plaintiff has tacitly *conceded* all of Carnival's reasons for exclusion. Accordingly, these opinions should be stricken.

3. Mr. Jaques' third opinion *in his report* is that medical care in Mexico is "notoriously" substandard. [DE 51-1 at 9-11]. He testified about this opinion at his deposition. [*See* DE 51-2 at 25]. It is unclear whether Plaintiff is now conceding that she will not be offering this opinion at trial. Assuming *arguendo* that this opinion is still in play, it should nonetheless be stricken because it is patently unreliable, as Carnival has demonstrated in its Motion. Mr. Jaques is not qualified to render such an opinion and has offered no valid basis to support it.[3]

---

[2] Mr. Jaques stated in his report that "Carnival has insisted that severely injured passengers be debarked in foreign ports such as Jamaica or Mexico in the past." [DE 51-1 at 11]. Although this statement does not specifically reference a Carnival guideline, it is unclear whether Plaintiff has agreed not to offer any such testimony by Mr. Jaques

[3] Carnival also moved to exclude any opinions by Mr. Jaques that it is "industry standard" to direct ships to the United States, United States Virgin Islands or the Netherlands Antilles for medical care. [*See* DE 51 at 15-16]. Although it is unclear whether Plaintiff intends to offer this discrete opinion through Mr. Jaques, rather than through Captain Hubbard, another expert, such

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

In sum, based upon the foregoing arguments and the arguments set forth in Carnival's Motion to Exclude the Testimony of Randall Jaques, the expert testimony of Mr. Jaques should be excluded as unreliable.

## CONCLUSION

WHEREFORE, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES respectfully requests that its Motion to Exclude the Testimony of Randall Jaques be granted.

Respectfully submitted,

*/s/ Michael J. Drahos*

Michael J. Drahos
Fla. Bar No. 0617059
Email: mdrahos@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone: (561) 802-9044
Facsimile: (561) 802-9976

---

opinion should be excluded because it has no foundation. Mr. Jaques admitted that he did *not* know of an industry standard and admitted that SOLAS guidelines afford the Captain discretion in the event of an emergency. [*Id*.].

CASE NO. 15-CV-20558-Graham/Simonton

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 25th, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Michael J. Drahos*
Michael J. Drahos

## SERVICE LIST

CASE NO. 15-CV-20558-Graham/Simonton

Kurt B. Arnold, Esq.
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX 77007
E-Mail: karnold@arnolditkin.com
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
Attorney for PLAINTIFF

Michael P. Hamaway, Esquire
Mombach, Boyle, Hardin & Simmons
500 E. Broward Boulevard, #1950
Fort Lauderdale, FL 33394
E-Mail: mhamaway@mbhlawyer.com
Telephone: (954) 467-2200
Facsimile: (954) 467-2210
Attorney for PLAINTIFF

Jason Smith, Esq.
Mombach, Boyle, Hardin & Simmons
500 E. Broward Blvd., #1950
Fort Lauderdale, FL 33394
E-Mail: jsmith@mbhlawyer.com
Telephone: (954) 467-2200
Facsimile: (954) 467-2210
Attorney for PLAINTIFF

Caj D. Boatright, Esq.
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007
E-Mail: cboatright@arnolditkin.com
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
Attorney for PLAINTIFF

Jason A. Itkin, Esq.
Arnold & Itkin, LLP
6009 Memorial
Houston, Texas 77007
Telephone: (713) 222-3800
Attorney for PLAINTIFF

CASE NO. 15-CV-20558-Graham/Simonton

- 9 -

4831-9257-0159, v. 1

FOWLER WHITE BURNETT P.A. • BRICKELL ARCH, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200