UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

COLLETTE GORDON, as next friend of
K.G., a minor,

    Plaintiff,

v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES,

    Defendant.

CASE NO. 15-CV-20558-
Graham/Simonton

**DEFENDANT CARNIVAL CORPORATION'S REPLY
TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
MOTIONS TO STRIKE AND EXCLUDE THE SPECULATIVE OPINION TESTIMONY
OF RODNEY ISOM AND MARK FULLER REGARDING K.G.'s
LOSS OF FUTURE EARNING CAPACITY**

Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES ("CARNIVAL"), by and through its undersigned counsel, hereby files this Reply to the Plaintiff's Memorandum of Law in Opposition [DE 59][1] to CARNIVAL's Motions to Strike and Exclude the Speculative Opinion Testimony of Rodney Isom [DE 49] and Mark Fuller [DE 48] Regarding K.G.'s Loss of Future Earning Capacity, and states as follows:

**I. THE SPECULATIVE OPINION TESTIMONY SHOULD BE EXCLUDED.**

Despite Plaintiff's repeated requests that this Court disregard the on-point Florida decisions governing claims for loss of future earning capacity damages, Plaintiff's Reply *noticeably fails* to cite a single relevant maritime case. For example, Smith v. Atlas Off–Shore Boat Service, Inc., 653 F.2d 1057 (5th Cir. 1981), involved a retaliation suit by a seaman against his employer after the seaman was fired for refusing to abandon a personal injury action he

---

[1] Although Carnival moved to exclude the expert testimony of Dr. Isom and Mr. Fuller regarding K.G.'s future earning capacity in separate motions, Plaintiff filed a single joint Response [DE 59] to both motions.

brought under the Jones Act. The Fifth Circuit held that the employer's retaliatory discharge of the seaman was properly characterized as intentional tort and the seaman was thus entitled to compensatory damages, including the expenses of finding new employment, lost earnings while the seaman seeks another position, and lost future earnings if the seaman's new job provides less remuneration than what he earned while employed by the defendant. Id. at 1064. Atlas Off–Shore Boat Service obviously did *not* involve a medical malpractice claim seeking loss of future earning capacity damages for a toddler. Moreover, the issue in Atlas Off–Shore Boat Service was *not* what are the evidentiary requirements that a plaintiff must satisfy before an expert may render any opinions regarding those damages and before such an award is permitted.

Equally distinguishable and inapposite is the other decision heavily relied upon by Plaintiff -- Culver v. Slater Boat Co., 722 F.2d 114, 117 (5th Cir. 1983). Culver involved the maritime wrongful death action filed by the surviving wife and children of the deceased foreman of an anchor-pulling crew. Clearly, the evidentiary requirements for the recovery of loss of future earning capacity damages by an injured individual were not at issue. The only question before the Fifth Circuit was actually how should the present value of future damages be calculated. The court in Culver held that, "in the absence of a stipulation by the parties concerning the method to be used, fact-finders shall determine and apply an appropriate below-market discount rate" to adjust future economic damages awards to present value to account for the effect of inflation. Culver, 722 F.2d at 117.

Importantly, several federal decisions in the context of loss of future earnings indicate that if expert testimony is unduly speculative, it is not reliable and therefore must be excluded. *See, e.g.,* United States v. An Easement & Right-of-way Over 6.09 Acres of Land, No. 5:14-CV-

0032-JEO, 2015 WL 6444983, at *23 (N.D. Ala. Oct. 21, 2015) ("Because specific valuation opinions of these witnesses as to damages for the commercial corner are too speculative, they due to be excluded."); Mallicoat v. Archer-Daniels-Midland Co., No. 4:11CV1218 TIA, 2013 WL 6000097, at *3 (E.D. Mo. Nov. 12, 2013) (excluding expert's testimony as to lost future wages as unduly speculative; "Like all expert testimony, an expert witness's calculations of future earning capacity are inadmissible under Federal Rule of Evidence 702 if based on 'unsupported speculation.'") (quoting Andler v. Clear Channel Broad., Inc., 670 F.3d 717, 727 (6th Cir. 2012)); City of Findlay v. Hotels.com, No. 3:05CV7443, 2010 WL 750137, at *1 (N.D. Ohio Feb. 26, 2010) (excluding proffered expert witness testimony where the court found that the expert witness's "testimony, however, is unduly speculative").

CARNIVAL further submits that the applicable evidentiary predict with regard to loss of future earning capacity damages is "reasonable certainty of injury" ***and*** "***sufficient evidence which will allow a jury to reasonably calculate lost earning capacity***." W.R. Grace & Co. v. Pyke, 661 So. 2d 1301, 1302 (Fla. 3d DCA 1995) (emphasis added). This District follows the universal principle that "[s]peculative testimony is ***not*** admissible in evidence." XL Ins. Am., Inc. v. Ortiz, 2009 WL 3739072, at *10 (S.D. Fla. 2009) (emphasis added). Plaintiff thus cannot use the speculative and conjectural opinions of Mr. Isom and Mr. Fuller to satisfy her burden of proof. In this regard, Mr. Isom admitted: "***[W]e cannot suggest or determine what [K.G.] would have ever done vocationally due to her age***, and the nature and extent of her disability." [Plaintiff's Designation of Expert Witnesses "D.E.W.", p. 85 (emphasis added)]. Mr. Isom's and Mr. Fuller's opinions and expected testimony at trial concerning those future economic damages

CASE NO. 15-CV-20558-Graham/Simonton

clearly constitute rank speculation that is not competent evidence. Therefore, any such evidence, testimony, report or comment by Mr. Isom and Mr. Fuller must be prohibited and excluded.

## II.  MR. FULLER IS NOT QUALIFIED TO RENDER LOSS OF FUTURE EARNING CAPACITY OPINIONS.

Mr. Fuller is *not* qualified to express an expert opinion on loss of future earning capacity due to his utter lack of experience, training, education or experience in calculating the life expectancy of a child. Perhaps recognizing his shortcomings as an expert witness, Plaintiff has agreed to voluntarily withdraw Scenario 1 of Mr. Fuller's analysis. [D.E. 59, p. 17 ]["At trial, Plaintiff will not seek to introduce Mr. Fuller's testimony or opinion regarding Scenario 1."].[2] While Plaintiff is correct that "Rule 702 itself recognizes that an expert like Mr. Fuller may be qualified by means other than direct experience, including 'knowledge,' 'skill,' 'training,' and 'education'" [DE 59 at 1], she ignores the fact that Mr. Fuller actually fails to possess any of these criteria for purposes of calculating the loss of future earning capacity *of a child*.

Mr. Fuller may have a B.A. and MBA with a concentration in finance from Austin College and SMU, respectively, but he admitted at his deposition he has no experience in determining the lost earning capacity of a child. Nor has he published anything in this field. Instead, Mr. Fuller is an expert in, if anything, business valuations. Indeed, in his deposition he testified that "My career has basically been the same, other than, you know, management/administrative duties, the technical aspects of my profession have always been the

---

[2] Although the Plaintiff does acknowledge that they will not present the Scenario 1 presented by Mr. Fuller in his expert report at trial [D.E. 59, p. 17], CARNIVAL would submit that it is appropriate for the Court strike all opinions related to Mr. Fuller's Scenario 1 to ensure that these opinions are properly excluded at trial in this matter, as there is currently no stipulation among counsel in this regard. CARNIVAL would respectfully request that the Court grant its motion to strike Mr. Fuller's testimony in that regard so that this issue is off the table as the parties prepare for trial.

same, in that I have provided financial valuation services, and that means valuation of businesses, securities, and intellectual property…" [D.E. 48-2, p. 6:18-23]. A cursory review of his curriculum vitae attached to his expert also reflects this. [D.E. 48-1, pp. 11-14].

However, this is not a case which involves a dispute over the value of a closely held business or the value of intellectual property, arenas in which CARNIVAL submits Mr. Fuller would be eminently qualified to serve as an expert witness. Instead, this case involves the measurement of the future lost earnings of an 18-month-old. This is plainly something that someone who, in the Plaintiff's words, "previously worked in management in a national financial valuation firm and a global accounting and consulting firm" [D.E 59, p. 18] is unqualified to render expert testimony on.

As the Supreme Court has cautioned, expert testimony "can be both powerful and quite misleading because of the difficulty in evaluating it." Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 595. Mr. Fuller's testimony on K.G.'s lost future earning capacity, derived as it is by an "expert" who as the Plaintiff points out has substantial experience testifying on topics other than the loss of earning capacity of a child, should be excluded from this case in its entirety. The party advocating the admission of his testimony has abandoned half of his expert opinions on this issue without giving any reason for doing so, and the other half of his expert opinions on that issue are similarly infirm. CARNIVAL therefore requests that this Court exclude all testimony from Mr. Fuller on this issue.

## **CONCLUSION**

For all the reasons discussed above, CARNIVAL respectfully asks that this Court exclude any opinions from either Dr. Isom or Mr. Fuller regarding K.G.'s lost future earning

5

CASE NO. 15-CV-20558-Graham/Simonton

capacity from trial in this matter. Their opinions are unreliable because they are based on mere speculation. In addition, Mr. Fuller lacks any qualifications to qualify as an expert witness under *Daubert* or Rule 702 on the issue of K.G.'s future loss of earning capacity.

          Respectfully submitted,

/s/ *Michael J. Drahos*
Michael J. Drahos
Fla. Bar No. 0617059
Email: mdrahos@fowler-white.com
Christopher E. Knight
Fla. Bar No. 607363
Email:  cknight@fowler-white.com
Esther E. Galicia
Fla. Bar No. 510459
Email: egalicia@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Northbridge Centre
515 North Flagler Drive, Suite 2100
West Palm Beach, Florida 33401
Telephone:	(561) 802-9044
Facsimile:	(561) 802-9976

*Attorneys for Defendant Carnival Corp.*

CASE NO. 15-CV-20558-Graham/Simonton

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 25, 2016, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ *Michael J. Drahos*
Michael J. Drahos
Fla. Bar No. 0617059

CASE NO. 15-CV-20558-Graham/Simonton

# SERVICE LIST

CASE NO. 15-CV-20558-Graham/Simonton

Kurt B. Arnold, Esq.
Arnold & Itkin LLP
6009 Memorial Drive
Houston, TX 77007
E-Mail: karnold@arnolditkin.com
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
Attorney for PLAINTIFF

Michael P. Hamaway, Esquire
Mombach, Boyle, Hardin & Simmons
500 E. Broward Boulevard, #1950
Fort Lauderdale, FL 33394
E-Mail: mhamaway@mbhlawyer.com
Telephone: (954) 467-2200
Facsimile: (954) 467-2210
Attorney for PLAINTIFF

Jason Smith, Esq.
Mombach, Boyle, Hardin & Simmons
500 E. Broward Blvd., #1950
Fort Lauderdale, FL 33394
E-Mail: jsmith@mbhlawyer.com
Telephone: (954) 467-2200
Facsimile: (954) 467-2210
Attorney for PLAINTIFF

Caj D. Boatright, Esq.
Arnold & Itkin LLP
6009 Memorial Drive
Houston, Texas 77007
E-Mail: cboatright@arnolditkin.com
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
Attorney for PLAINTIFF

Jason A. Itkin, Esq.
Arnold & Itkin, LLP
6009 Memorial
Houston, Texas 77007
Telephone: (713) 222-3800
Attorney for PLAINTIFF

4838-4518-4047, v. 1